UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

IN RE KENNETH M. MITAN,

        Debtor,

KENNETH MITAN,

        Appellant,

v.

LEONARD A. DUVAL, et al.,
        Appellee.
_____/

Civil Action No. 06-15115
Bankruptcy No. 03-71601

Hon. Bernard A. Friedman

# OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S SEPTEMBER 29, 2005 ORDER GRANTING FRANDORSON'S MOTION FOR SUMMARY JUDGMENT

**I.    Introduction**

This is an appeal from a September 29, 2005 Bankruptcy Court Opinion granting summary judgment in favor of Appellees Frandorson Properties and F. Jerome Corr (collectively "Frandorson" or "Appellees"). The Bankruptcy Court's Opinion granted summary judgment in favor of Frandorson, and held that the state trial court judgment against Debtor/Appellant Kenneth M. Mitan ("Mitan") in the amount of $316,827.96 plus interest is non-dischargable pursuant to Section 523(a)(6) of the Bankruptcy Code.

The Court entertained a similar motion filed in another Mitan case, 05-74146, last May. It was denied as moot, because the Court of Appeals had not yet decided whether the conversion of the Bankruptcy proceedings in that matter from a Chapter 11 to a Chapter 7 was in error.

**II.    Standard of Review**

The District Court reviews the Bankruptcy Court's findings of fact for clear error, and its conclusions of law *de novo*. Fed. R. Bankr. Proc. 8013.

**III.   Facts**

Frandorson is a judgment creditor of Mitan. Frandorson sued Mitan, his brother and their partnership in the Ingham County Circuit Court for slander of title and tortious interference with business expectancy/contract related to the sale of three shopping center. The Circuit Court, after granting summary judgment to Frandorson on its slander of title and tortious interference claims, entered final judgment for Frandorson in the amount of $316,827.96 plus interest, and the judgment specifies that it is attributable to all counts of the complaint.

**III.   Analysis**

In its ruling of nondischargability, the Bankruptcy Court adopted the state court's findings of malice by Mitan, and of Mitan's intentions to cause a willful and malicious injury to Frandorson.

The state court held that Mitan is guilty of criminal contempt of court. The state court also granted Frandorson's motion for summary judgment on its slander of title claim and its tortious interference with a business relationship claim, finding that Mitan acted with malice in slandering Frandorson's title and in tortiously interfering with Frandorson's business relationships.

In its opinion, the Bankruptcy Court noted, "the issue of malice was actually litigated and the court's findings of malice were necessary to its judgment. Moreover, the judgment entered by the state court against Mitan was affirmed by the Michigan Court of Appeals and leave to appeal the Michigan Supreme Court was denied." September 29, 2005 Opinion, p.5.

The Bankruptcy Court based its adoption of the state court's findings on the *Roker-*

*Feldman* doctrine, and explained that based on such doctrine, it was prohibited from reviewing the state court's decision.

The *Roker-Feldman* doctrine is a "jurisdictional doctrine that lower federal courts may not review the decisions of state courts. Only the United States Supreme Court may do so." In re Sweeney, 276 B.R. 186, 195 (6th Cir. BAP 2002). As the *Sweeney* court explains,

> [T]he doctrine does not require lower federal courts to surrender their own exclusive jurisdiction. Jurisdiction to determine the dischargeability of debts described by 11 U.S.C. § 523(a)(2) is exclusively within the bankruptcy courts . . . . The dischargeability of a debt must be recognized as a matter separate from the merits of the debt itself. Thus, under the *Roker-Feldman* doctrine, a bankruptcy court may not review and redetermine the merits of a debt . . . but it may within its exclusive jurisdiction determine whether that debt is dischargeable or not.

Id.

The Bankruptcy Court then applied such findings to Section 523(a) of the Bankruptcy Code to make its ruling that the state court's judgment is nondischargeable. Section 523(a)(6) provides:

> (a) A discharge under Section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt-
> \*\*\*
> (6) For willful and malicious injury by the debtor to another entity.

11 U.S.C. § 523(a)(6).

Mitan argues that the Bankruptcy Court erred in applying collateral estoppel based upon the *Roker-Feldman* doctrine to the matter at hand. Mitan claims that, in making its ruling, the Bankruptcy Court erroneously utilized the results "the only hearing ever held in the state court case, a criminal contempt hearing to supply the necessary facts. . ." Mitan argues that, because collateral estoppel requires "a prior action between the same parties," it is inappropriate for the Bankruptcy Court to base a finding of collateral estoppel on a criminal contempt hearing which necessarily involve different parties.

In response, Frandorson points out that the Bankruptcy Court found that "the issue of malice was actually litigated, and the [circuit] court's findings of malice were necessary to its judgment." Bankrupcty Court Opinion, p.5. In addition, Frandorson asserts that the Circuit Court's opinion, the findings of fact for which the Bankruptcy Court relies, was not based on Mitan's criminal contempt conviction, but rather on the affidavits, deposition transcripts, and other documents filed in support of the motion containing both criminal contempt counts, and the slander and tortious interference counts.

**Collateral Estoppel**

The Full Faith and Credit Act, 28 U.S.C. § 1738 requires the federal courts to afford full faith and credit to judicial proceedings of any state court. Marresse v. American Academy of Orthopaedic Surgeons, 470 U.S. 373 (1985). It further requires "federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982).

Collateral estoppel, or issue preclusion, bars the relitigation of an issue previously decided in judicial proceedings if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in the earlier case. Allen v. McCury, 449 U.S. 90, 95 (1980). The doctrine precludes relitigation of issues of fact decided in a prior action between the same parties "even if decided as part of a different claim or cause of action." Markowitz v. Campbell (In re Markowitz), 190 F.3d 455, 461 (6th Cir. 1999).

Here, Mitan attempts to argue that collateral estoppel can not apply, because the People, and not Frandorson, were a party to the state court criminal contempt ruling. Frandorson points out that it is not attempting to assert collateral estoppel based on the state criminal contempt

ruling, but rather based on its successful litigation of the issue of "malice" in its slander of title and tortious interference claims against Mitan.

These rulings were both contained in a single opinion, but it is clear that the malice findings were made in conjunction with the summary judgment rulings in Frandorson's favor. In the slander of title ruling, the state trial court held, "There is ample evidence to support a finding of malice. . . Mitans filed the second notice of lis pendens and the third set of title-clouding documents in wilful violation of this Court's orders. . . The Court finds that there is no genuine issue of material fact and the element of malice is established." State Court Opinion, pp. 23-23 (I tabbed this portion of the opinion is tabbed in the bankruptcy court file.) In addition, the state court granted summary judgment for Frandorson's tortious interference with a business expectancy claim against Mitan, stating, "[a]ll of the above actions were unlawful acts done with malice and unjustified in law." (Also tabbed). The state court further found that Mitan's actions constituted "malicious and wrongful acts." These rulings were confirmed by the Michigan Court of Appeals.

It is clear that these issues were actually litigated, as they were briefed extensively by both parties, and that Mitan had a full and fair opportunity to litigate these issues in the state court. Accordingly, the Bankruptcy Court's application of collateral estoppel in its findings of fact were appropriate.

**Ruling of Nondischargability**

The Bankruptcy Court then applied such findings to Section 523(a) of the Bankruptcy Code to make its ruling that the state court's judgment is nondischargeable. Section 523(a)(6) provides:

    (a)    A discharge under Section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt-

> \*\*\*
> (6) For willful and malicious injury by the debtor to another entity.

11 U.S.C. § 523(a)(6).

Clearly, as found by the state court, and adopted by the Bankruptcy Court, Mitan's actions were done with malice. Accordingly, the Bankruptcy Court's ruling should be upheld.

### IV. Order

Accordingly,

IT IS ORDERED that the Bankruptcy Court's September 29, 2005 Order granting Appellees' motion for summary judgment is AFFIRMED.


Date: May 10, 2007

____s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
Patricia Foster Hommel
Secretary to Chief Judge Friedman**